**JS-6**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-07836-DOC Date: October 16, 2026

Title: In Re: Beisa Ramulic Vallejo

PRESENT: THE HONORABLE DAVID O. CARTER, JUDGE

| | |
|---|---|
| Priscilla Deason<br>for<br>Karlen Dubon | Not Present |
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PLAINTIFF:<br>None Present | ATTORNEYS PRESENT FOR DEFENDANT:<br>None Present |

**PROCEEDINGS (IN CHAMBERS): ORDER DISMISSING APPEAL AS MOOT**

On July 2, 2026, Bankruptcy Judge Julia W. Brand granted Selene Finance, LP's ("Appellee") motion for relief from the automatic bankruptcy stay under 11 U.S.C. § 362 regarding Beisa Ramulic Vallejo's ("Appellant") real property. *See In Re: Beisa Ramulic Vallejo*, No. 2:26-bk-10038 (Bankr. C.D. Cal. July 2, 2026), Dkt. 60. This order terminated the automatic bankruptcy stay that was imposed under 11 U.S.C. § 362(a) of the Bankruptcy Code when Appellant filed her bankruptcy case on January 4, 2026. *See id.*, Dkt. 1.

On July 8, 2026, the bankruptcy court entered an order dismissing the underlying bankruptcy case itself. *See id.*, Dkt. 63 (Bankr. C.D. Cal. July 8, 2026). Appellant filed a motion to vacate the dismissal order in the bankruptcy court on July 13, 2026, *see id.* Dkt. 66 (Bankr. C.D. Cal. July 13, 2026), but the bankruptcy court denied that motion on July 15, 2026. *See id.*, Dkt. 73 (Bankr. C.D. Cal. July 15, 2026).

On July 13, 2026, Appellant appealed to this Court the bankruptcy court's order granting Appellee relief from the bankruptcy stay. *See* Dkt. 1 (Notice of Appeal). The instant bankruptcy appeal was opened in this Court on the next day, July 14, 2026. *See id.*

Before considering the merits of this appeal, the Court must first determine whether it has jurisdiction. The Court has jurisdiction over bankruptcy appeals under Federal Rule of Bankruptcy Procedure ("Rule") 8005(a) and 28 U.S.C. § 158(c)(1). Pursuant to Rule 8005(a), an appellant may elect to have an appeal heard by a district court instead of the bankruptcy appeal panel. Similarly, pursuant to 28 U.S.C. § 158(c)(1), an appellant may elect to have an appeal from a bankruptcy court heard by the district court. Here, appellant elected to have her appeal heard by the district court. *See* Dkt. 1 at 2.

Despite this Court's appellate jurisdiction under Rule 8005(a) and 28 U.S.C. § 158(c)(1), the Court nevertheless "lacks jurisdiction to hear moot cases." *Koppers Indus., Inc. v. United States EPA*, 902 F.2d 756, 758 (9th Cir. 1990). A bankruptcy appeal in particular "is constitutionally moot if it is impossible for the court to give the appellant any effective relief if the court decides the matter on the merits in the appellant's favor." *In re Motley*, No. 2:23-bk-16535-WB, 2024 WL 3276660, at *3 (B.A.P. 9th Cir. July 2, 2024) (citing *Chaflin v. Chaflin*, 568 U.S. 165, 172 (2013)).

Here, Appellant appealed the bankruptcy court's order granting Appellee relief from the automatic stay. *See* Dkt. 1 at 2 (describing the appealed judgment as the "[o]rder granting lift of the automatic stay"). However, the bankruptcy court dismissed the underlying bankruptcy case on July 8, 2026. *See In Re: Beisa Ramulic Vallejo*, No. 2:26-bk-10038 (Bankr. C.D. Cal. July 8, 2026), Dkt. 63. In so doing, the bankruptcy court effectively terminated the automatic stay by operation of law as well. *See* 11 U.S.C. § 362(c)(2)(B) (providing that an automatic bankruptcy stay continues only until "the time the case is dismissed").

The dismissal of Appellant's underlying bankruptcy case terminated "both the automatic stay and the 'actual, ongoing controversy.'" *In re Motley*, 2024 WL 3276660, at *3 (quoting *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1086) (9th Cir. 2011)). Therefore, even if the Court were "inclined to vacate the Stay Relief Order, the automatic stay has terminated as a matter of law, and [the Court] lacks the authority to resurrect the stay and its protections" for Appellant. *Id.*; *see also In re Jimenez*, 613 B.R. 537, 544 (B.A.P. 9th Cir. 2020) ("Section 362(c)(2)(B) provides that the stay terminates at the time the case is dismissed; we cannot reinstate it even if we disagree with the bankruptcy court."). In other words, the bankruptcy court's "dismissal order … has foreclosed the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:26-cv-07836-DOC Date: October 16, 2026



possibility" of the Court providing Appellant effective relief, so "this appeal must be dismissed as moot." *In re Motley*, 2024 WL 3276660, at *3.

The Court declines to address the merits of the appeal because the appeal is moot.[1] *See Bianco v. Erkins*, 235 F. App'x 429, 430 (9th Cir. 2007) (declining to review due process claims when appeal is moot); *In re Motley*, 2024 WL 3276660, at *3 (declining to address arguments on appeal after finding that the appeal is moot because automatic bankruptcy stay was terminated by operation of law); *In re Millner-Todd*, No. 2:25-CV-04082-ODW, 2026 WL 891757, at *1 (C.D. Cal. Apr. 1, 2026) (same).

Accordingly, the Court **DISMISSES** this appeal **AS MOOT**. All pending motions and deadlines are hereby **VACATED AS MOOT**. The Clerk of the Court shall close this case and serve this minute order on all parties to the action.

MINUTES FORM 11
CIVIL-GEN

Initials of Deputy Clerk:
pd/kdu

[1] The Court notes that Appellant did not file her opening appellate brief in this Court. But even if she had done so, the Court would not have had jurisdiction to hear the appeal for the foregoing reasons.